**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KRISTI JAMES,**<br><br>Plaintiff,<br><br>vs.<br><br>**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:22-cv-00502-JAR |

**JOINT PROPOSED SCHEDULING PLAN**

COME NOW Plaintiff Kristi James and Defendant The Lincoln National Life Insurance Company pursuant to the Court's Order of **July 5, 2022**, and hereby submit the following Joint Proposed Scheduling Plan.

**a.** This case is properly assigned to Track 2.

**b.** Motions to add additional parties and to amend the pleadings shall be accomplished by **September 14, 2022**.

**c.** **Discovery:** Plaintiff believes discovery is available in this case. It is Defendants' position that in this ERISA-governed action, discovery on the claim for benefits is limited to the production of the administrative record, including applicable Plan Documents, and that after the administrative record, including Plan Documents, has been produced to Plaintiff's counsel, this matter will be ripe for motions for summary judgment or motions for judgment on the administrative record. Without in any way waiving their position, or the applicability of Fed.R.Civ.P. 26(a)(1)(B)(i) to the instant case, which Defendants believe will be decided based on review of the administrative record, Defendants join Plaintiff in proposing the deadlines set forth below, including discovery deadlines, in the event any discovery

is permitted over defendant's objections. To the extent that discovery is permitted by the Court, the parties propose the following:

i. At this time there are no agreed upon provisions for disclosure or discovery of electronically stored information. It is Defendant's position that discovery is limited to production, in pdf format, of the administrative record, which includes printed copies of electronically stored documents, as well as applicable Plan Documents.

ii. The parties agree that any material inadvertently produced or disclosed, to which a party claims a privilege within 30 days after the inadvertent production or disclosure, will be returned upon written request for return and the parties' agreement regarding the protected nature of the documents. If the parties do not reach agreement, the party claiming the privilege shall seek protection from the Court within ten days of written notice from that party opposing the claim of privilege. The parties request that this provision be included in the Case Management Order.

iii. Disclosures pursuant to Rule 26(a)(1), Fed. R.Civ.P., shall be made no later than **September 2, 2022**. Defendant shall produce a complete copy of the administrative record to plaintiffs on or before **September 2, 2022**.

iv. Unless otherwise stipulated or granted leave by the Court upon notice of motion, the parties agree to the limitations for depositions in Rules 30(a)(2)(A) and 30(d)(1) and for interrogatories set forth in Rule 33(a). It is Defendants' position that discovery is limited to production of the administrative record, including applicable Plan Documents.

v. Parties do not anticipate any expert witnesses in this ERISA case.

vi. The presumptive limits of **ten** (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed.R.Civ.P. and **twenty-five** (25) interrogatories per side as set forth in Rule 33(a), Fed.R.Civ.P. shall apply in this case.

vii. Physical or mental examinations of the parties are not applicable in this case.

viii. Any discovery shall be completed on or before **January 31, 2023**.

ix. The parties are currently unaware of any other matters pertinent to the completion of discovery in this case.

**d.** All parties are amenable to Alternative Dispute Resolution in the form of mediation and believe referral to mediation would be most productive **December 1, 2022**.

**e.** The deadline to submit dispositive Motions is **March 31, 2023**. Responses to motions for summary judgment shall be filed no later than **April 28, 2023.** Replies in support of motions for summary judgment shall be filed no later than **May 12, 2023.**

**f.** To the extent this matter or any issues need to be tried, it should be ready for trial to the Court by **August 30, 2023.**

**g.** Trial, if any, in this matter should take no longer than two days. It is Defendants' position that the case should be determined upon review of the administrative record and that no trial will be needed.

**h.** There are no other matters for inclusion in this Joint Proposed Scheduling Plan.

Respectfully submitted,

**GALLAGHER DAVIS, L.L.P.**

By: ***/s/ Adam J. Olszeski***

Matthew R. Davis, #MO58205
Adam J. Olszeski, #MO66126
2333 South Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax: (314) 725-0101
matt@gallagherdavis.com
adam@gallagherdavis.com

*Attorneys for Plaintiff*

Law Offices of Iwana Rademaekers

By: ***/s/ Iwana M. Rademaekers***
Iwana M. Rademaekers, 16452560
Law Offices of Iwana Rademaekers
17304 Preston Road, Suite 800
Dallas, Texas 75252
PH: (214) 579-9319
Email: iwana@rademaekerslaw.com

*Attorneys for Defendant*